UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 05-64

WILMER DIXON, III                           SECTION: J(1)

### ORDER AND REASONS

Before the Court is defendant's **Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 25)**.  This motion is opposed.  Defendant asks this Court to suppress the firearm that was seized from him, reverse and set aside his conviction, and expunge the records in his case.

Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be denied.

### Background Facts

Defendant was indicted in federal court on March 3, 2005 for possession of a firearm after having been previously convicted of crimes punishable by imprisonment for a term exceeding one year. Defendant pled guilty to the single count indictment on May 11, 2005 after signing a plea agreement and was sentenced on August 17, 2005 to forty-six months imprisonment, with credit for time

served in state custody from the date of his arrest on January 8, 2005.  The judgment of conviction was entered on August 22, 2005.  Defendant did not appeal his conviction.

On October 2, 2007, defendant filed a "Petition for Expungement, Seal, and Destruction of Criminal Conviction, and Arrest & Conviction Records" (Rec. Doc. 20).  Pursuant to this Court's authority to do so as recognized in Castro v. United States, 240 U.S. 375 (2003), the Petition was re-characterized on October 17, 2007 as a first 28 U.S.C. 2255 motion and defendant was ordered to respond.  Defendant did so, filing an amended Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 25) on October 29, 2007.  This Court subsequently ordered the United States Attorney for the Eastern District of Louisiana to respond with the government's position concerning defendant's motion.

## Legal Standard

Under 28 U.S.C. 2255, a prisoner in custody under sentence of a federal court may move that court to vacate his sentence.  The court need not conduct a hearing and re-litigate issues that were raised by the petitioner in his direct appeal.  United States v. Knapper, 2003 WL 22038369, *1 (E.D. La. Aug. 22, 2003) (citing Kaufman v. United States, 394 U.S. 217 (1968)).  The Fifth Circuit has explained that a petition for relief under Section 2255 "may not do service for an appeal" and it is presumed that the defendant stands fairly and finally convicted.  United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en

2

banc) (citing United States v. Frady, 456 U.S. 152, 164 (1982)).

A petitioner may not raise an issue for the first time on collateral review without first showing both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. If the error is not of constitutional or jurisdictional magnitude, the petitioner must show that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981). A defendant must meet this "cause" and "actual prejudice" test even when he alleges a fundamental constitutional error. Murray v. Carrier, 477 U.S. 478, 493 (1986). Notably, the cause and prejudice standard applies to inadvertent attorney errors. See Smith v. Murray, 477 U.S. 527, 533 (1986). The Supreme Court has recognized a narrow exception to the cause and prejudice test. This exception is limited to "extraordinary" cases involving a "manifest miscarriage of justice" that would result in the continued incarceration of one actually innocent of the offense.[1] See e.g., id.

## Discussion

Defendant bases his motion on four grounds. He states that he did not raise any of these grounds on direct appeal because he was under the impression that there was probable cause for the search that he is now alleging was illegal based on the advice

---

[1] It should be noted that defendant does not contend that he is "actually innocent" of the crime at issue in this case.

given by his counsel, and that "he was not properly advised that he can still plead guilty and reserve his right to appeal."

**A.   Timeliness**

At the outset, it is necessary to determine whether defendant's motion is timely.  Defendant indicates that the one year statute of limitations contained in Section 2255 does not bar his motion.  He states that he first became aware that his arrest was unconstitutional in July 2007.  According to defendant, after he received the police report of his case on August 21, 2007, which gave him actual and constructive facts to "bring forth an action by due diligence," the statute of limitations was tolled until August 21, 2007, to expire on August 21, 2008.

In opposition, the government states that defendant's motion is time-barred.  The government references 28 U.S.C. 2255 which provides in relevant part:

> A 1-year period of limitations shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

According to the government, the circumstances in sections (2) through (4) are not applicable. Turning to section (1) then, defendant's motion is untimely because it was not filed within one year of the time his conviction became final.

Defendant's judgment and commitment order was entered on August 24, 2005. Because defendant failed to file a notice of appeal, his conviction became final ten days later, on September 6, 2005, and therefore, to be timely, his 2255 motion had to have been filed on or before September 6, 2006. See Fed. R. App. P. 4(b)(1)(A). Defendant's motion, however, was not filed until October of 2007, nor was his original petition which this Court re-characterized.

Therefore, this Court finds that defendant's motion is untimely. However, it is necessary to consider whether the one year limitations period was equitably tolled. Equitable tolling is permissible only in "rare and exceptional circumstances." United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002). No such circumstances exist here. Therefore, defendant's motion should be denied as time-barred.

**B.  Substantive Rights**

Out of an abundance of caution, this Court now turns to the substantive grounds upon which defendant relies in his 2255 motion.

**1.   Rights Under the Fourth Amendment**

First, defendant alleges that his Fourth Amendment rights were violated because the search and seizure conducted on his person was unreasonable.  In support, defendant states that the arresting officers justified their forcible stop and search on grounds of mere suspicion, and as such, their "hunch" was not sufficient enough to warrant them to stop and investigate under the Fourth Amendment.

In opposition, the government states that defendant signed a factual basis which indicates that the officers had reasonable suspicion to detain and search defendant.  Under <u>Terry v. Ohio</u>, a reasonable belief that an officer is dealing with someone who is armed and dangerous is satisfactory justification for conducting a pat-down search for weapons.  392 U.S. 1, 27 (1968).

Based on the signed factual basis and pursuant to <u>Terry v. Ohio</u>, this Court finds that the officers were justified in detaining and searching defendant.  Furthermore, defendant failed to raise his Fourth Amendment argument on appeal.  Because defendant has failed to establish both cause[2] for his procedural

---

[2] Defendant's assertion that he thought there was probable cause based on advice of counsel, and his subsequent "discovery" that probable cause was lacking is insufficient to establish "cause" for failure to appeal.  Defendant states that he learned his arrest was unconstitutional after he received the police report of his case on August 21, 2007.  However, the police report contains the same facts which were presented to defendant in the form of the factual basis that he signed when he pled guilty to the offense.  There were no after-acquired facts that would justify a collateral attack as opposed to a direct appeal.  Therefore, defendant's objection on this point is without merit.

default and actual prejudice resulting from the error, defendant cannot attempt to now use a Section 2255 proceeding as a substitute for a direct appeal.

**2. Rights Under the Sixth Amendment**

Second, defendant alleges that his Sixth Amendment rights were violated based on his attorney's ineffective assistance. According to defendant, after he was arraigned, he asked his attorney to "look into the probable cause issue." Counsel replied that the officers had probable cause. As a result, defendant chose to plead guilty.

In opposition, the government states that defense counsel was not ineffective. To prove a valid claim for ineffective assistance of counsel, a petitioner must demonstrate both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). To succeed, a petitioner must show: (1) his counsel's performance was deficient, and (2) his counsel's deficient performance prejudiced his defense. Id. at 687. The proper standard for judging attorney performance is that of "reasonably effective assistance," considering all the circumstances. Id. Furthermore, "a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Id.

Applying Strickland, to establish prejudice in guilty plea cases, the defendant must "show that there is a reasonable

7

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Defendant states that but for the advice of counsel as to the probable cause issue, he would not have pleaded guilty and would have insisted on going to trial.  However, based on this Court's determination that the officers had sufficient justification to detain and search defendant, and thus that there was no Fourth Amendment violation, defendant's objection is without merit.

Furthermore, since there were no constitutional violations, and therefore no basis for either a motion to suppress evidence to be successful or for an appeal on that issue, defendant has made an insufficient showing under Strickland.

**3.  Right to Direct Appeal and Post-Conviction Proceedings**

Third, defendant alleges a violation of his right to direct appeal and post-conviction proceedings.  Defendant states that he pled guilty to avoid being sentenced to a maximum of ten years imprisonment.  He indicates that he was not advised by counsel that he could plead guilty but reserve his right to appeal.  Therefore, his waiver of appeal rights was involuntary.  Defendant did not raise this ground on direct appeal because "he was not properly advised that he can still plead guilty and reserve his right to appeal."

In opposition, defendant reiterates that since the officers had probable cause to detain and search defendant, an appeal on the probable cause issue would not have been successful.

8

This objection by defendant amounts to an additional ineffective assistance of counsel objection. For the reasons stated above, such an objection fails. Whether or not defense counsel failed to advise defendant that he could plead guilty while reserving his rights to appeal, this Court advised defendant of his right to appeal on any ground if he believed such was necessary. Therefore, this objection is without merit.

### 4. Credibility of Facts of the Arrest

Finally, defendant challenges the credibility surrounding the facts of the arrest as stated by the arresting officers. According to defendant, the facts of the arrest are "obviously fabricated."

Because this error, if any, is not of constitutional magnitude and could have been raised on direct appeal, it need not be considered by this court in a Section 2255 motion. Accordingly,

**IT IS ORDERED** that defendant's **Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 25)** is hereby **DENIED.**

New Orleans, Louisiana, this 7th day of January, 2008.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9